UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SARAH GUEDIMIN                                      CIVIL ACTION

VERSUS                                              NO. 08-5100

TSA STORES, INC., ET AL.                            SECTION: A(2)

### ORDER AND REASONS

Before the Court is a **Motion for Leave to Dismiss Reference to Americans with Disabilities Act with Prejudice and to Remand (Rec. Doc. 7)** filed by plaintiff Sarah Guedimin. The defendant, TSA Stores, Inc. f/k/a Sports Authority, Inc., opposes the motion. The motion set for hearing on February 18, 2009, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED**.

### I. BACKGROUND

In November 2007, plaintiff Sarah Guedimin tripped and fell in a location owned by the defendant TSA Stores, Inc. f/k/a Sports Authority, Inc. ("TSA"). In October 2008, Guedimin filed a personal injury action against TSA in the 24th Judicial District Court for the Parish of Jefferson. In her original petition, Guedimin alleged that the actions of TSA were in

1

violation of several laws and codes, including the Americans With Disabilities Act ("ADA"). (Rec. Doc. 1, Pla. Pet.). However, Guedimin did not allege that she was an individual with a disability.

In December 2008, based solely on the reference to the ADA, Defendant removed the action to federal court pursuant to 28 U.S.C. § 1331 alleging the action arose under federal law. Defendant's Notice of Removal cited no other grounds for federal jurisdiction. (Rec. Doc. 1, Rem. Ntc.). In the instant motion, Guedimin argues that the reference to the ADA was an inadvertent mistake of counsel and she provides an affidavit of counsel stipulating to the mistake. Plaintiff moves to dismiss the ADA reference with prejudice, and to remand the case to the state court from which it was removed.

Defendant opposes the motion arguing that the pleadings at the time of removal control for purposes of federal question jurisdiction. Further, Defendant argues that a plaintiff may not defeat removal by subsequently changing her pleadings.

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a) states that leave to amend a complaint shall be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178 (1962). There is a presumption in favor of granting leave to amend absent a substantial reason such as undue delay, bad faith, dilatory motive, repeated failures to

cure deficiencies or undue prejudice to an opposing party. *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (citing *Foman*, 371 U.S. at 182); *Whitaker v. City of Houston*, 963 F. 2d 831, 836 (5th Cir.1992). The purpose of the rule is to bring the pleadings in line with issues as they arise over the course of litigation. *Mongrue v. Monsanto Co.*, 249 F. 3d 422, 427 & fn. 6 (5th Cir. 2001) (quoting *Falls Indust., Inc., v. Consol. Chem Indus., Inc.,* 258 F. 2d 277, 285 (5th Cir. 1958)).

The parties to this suit have yet to complete discovery and defendants have not alleged any prejudice that would result from the deletion of the reference to the ADA. Further the plaintiff has not alleged that she is an individual with a disability or a person protected by the act. It is clear that the inclusion of the reference to the ADA was an inadvertent mistake. Plaintiff shall be granted leave to amend the complaint to dismiss any reference to the ADA with prejudice.

Pursuant to 28 U.S.C. § 1367(c) when a district court has dismissed all claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction over remaining state law claims. District courts have wide discretion in determining whether to retain supplemental jurisdiction. *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). In determining whether to retain jurisdiction over state law claims, a district court

3

should weigh values of judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. V. Cohill*, 484 U.S. 343, 350 (1988). Though an analysis of forum manipulation is necessary, when all federal-law claims are eliminated before trial usually the factors will point toward declining to exercise jurisdiction over state law claims. *Id.; Parker & Parsley Petroleum v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992).

This case is in its infancy stage here in federal court. No substantive issues have come before the Court to date. No preliminary conference has taken place and no trial date has been set. A personal injury action for negligence will depend heavily on state law. No unfairness has been alleged should the case be remanded. Finally, the plaintiff's attempt to secure her choice of forum does not necessitate a finding that she is engaged in manipulation of forum, especially in light of counsel's affidavit attesting to the mistake in the pleadings. The Court therefore declines to exercise jurisdiction over the remaining state law claims.

In sum, all claims over which the Court had original jurisdiction have now been dismissed. Thus, pursuant to the factors cited above, the Court exercises its discretion to decline to retain the remaining claims. As noted above, Defendant's notice of removal contains no other grounds upon which original jurisdiction is based.

Accordingly;

**IT IS HEREBY ORDERED** that the **Motion for Leave to Dismiss Reference to Americans with Disabilities Act with Prejudice (Rec. Doc. 7)** is **GRANTED**.  Plaintiff's ADA claims are **DISMISSED** with prejudice;

**IT IS FURTHER ORDERED** that this matter be **REMANDED** to the state court from which it was removed.

March 17, 2009

*[signature]*
Jay C. Zainey
UNITED STATES DISTRICT JUDGE